Upson, J.
The decisions in the courts of this country and of England, in cases involving the power of courts of equity to enforce charitable trusts, and the validity of such trusts, are numerous and somewhat conflicting. But they have been fully considered in several cases heretofore decided by this court, and *35 need not now be reviewed. It is only necessary to state the conclusions at which we have arrived.
Gifts for charitable purposes have always been favored, and trusts created for such purposes are carried into effect by courts of equity upon general principles of equity jurisdiction.
In the case of Urmey’s executor v. Wooden and others (1 O. S. 160) it was decided that the courts of chancery in this state, independently of the statute of charitable uses, 13 Elizabeth, have jurisdiction to enforce such trusts, and the existence of that jurisdiction has not since then been questioned.
Among the charitable trusts which have been most liberally construed and most uniformly sustained have been those created for the promotion of religion and education. It is clear from the language used by the testator in the third item of his will, that he intended his property to be used, after the death of his wife, for the promotion of religion by the preaching of the gospel of Christ as taught by the denomination known as the Disciples of Christ. The object thus stated is claimed to be vague, indefinite, and uncertain, but the authorities decisively show that this claim can not be sustained. We need only refer to the decisions of this court in the cases of Urmey's Executors v. Wooden, supra; and Miller v. Teachout, 21 Ohio St. 525. In the former case the residue of the estate was devised to “the poor and needy, fatherless, &c. of Jefferson and Madison townships,” of Montgomery county.' In the latter case, the residue of the estate, after the death of the testator's wife, was to be appropriated and used “ for the advancement and benefit of the Christian religion. ” In neither of those cases was the object of the trust defined with greater certainty than in this.
It is no objection to the validity of the trust that the individuals to be benefited by it are not designated in the will, for this indefiniteness is a necessary characteristic of charitable trusts. It is only required that discretionary power to use the property for the purposes intended by the testator should be given to trustees appointed by him, or by the court. In this instance that power has been plainly given by the testator to *36 the persons named as executors of the third item of the will. Although the language of the will might have been more definite, the intention is clear and the trust valid.
It is next insisted that the estate was not devised, or intended to be devised, to the trustees. It is true that the estate is not devised in express terms, but the weight of authority is m favor of the proposition that courts wfill by construction imply an estate in trustees, although none is given them in words, in cases where they are required to do something which can not be done without a legal estate, and that the estate thus implied will be an estate sufficient for the purposes of the trust. In this case, the purposes of the trust obviously require an estate in fee, and that estate would under that rule be implied by construction in the trustees. It is unnecessary however to decide whether an estate in fee was taken by the trustees, or not, for even if the legal estate descended to the plaintiff in error, it descended subject to the trust, which could still be enforced against it. This was decided in the ease of Trustees of McIntyre Poor School v. Zanesville Canal and Manufacturing Co. (9 Ohio, 203), and also in the case of Williams v. First Presbyterian Society of Cincinnati (1 Ohio St. 478).
It is next insisted that the appointment of Parmley and Robinson, as trustees, was invalid. If this were true, the plaintiff in error would not be prejudiced thereby, for the trust .might still be executed by Cyrenius, the surviving trustee; but we are of opinion that under the provisions of the act relating to wills (S. & C. 1630, §§ 66, 67) the probate court was authorized, in a proper case, to appoint suitable persons to aid in executing the trust according to the will, although there might be a surviving trustee capable of executing it, and that this power was properly exercised in this case. There is nothing in the language of the will to indicate that the power given to the first trustees is a personal trust and confidence, that cannot be exercised by others, and there is nothing in the nature of the trust to prevent its execution, in accordance with the intention of the testator, as well by trustees appointed by the court as by those named in the will.

Judgment affirmed.